NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0294n.06

No. 25-1921

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

> FILED
> Jul 09, 2026
> KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| LATRIA HARRISON, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DEPARTMENT OF VETERANS AFFAIRS; | ) | DISTRICT OF MICHIGAN |
| DOUGLAS A. COLLINS, | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |
| | ) | |
| | ) | |

Before: BATCHELDER, GRIFFIN, and MATHIS, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff Latria Harrison sued her former employer, the Department of Veterans Affairs (VA). She brought claims under the Rehabilitation Act and the Family and Medical Leave Act (FMLA). In an extended opinion, the district court granted summary judgment in favor of the VA because the evidence created no genuine issues for trial. On appeal, Harrison merely copies and pastes from her summary judgment brief filed below. Taking this route, Harrison fails to address the district court's reasoning in disposing of her claims, so we deem the claims forfeited and affirm.

I.

Harrison suffers from anxiety, depression, and bipolar disorder. Because those conditions were aggravated when she was assigned to work at the front of the seventh floor of the Detroit Veterans Affairs Medical Center, she sought a reasonable accommodation.

In March 2020, her supervisor at that time granted her a partial accommodation. The accommodation assigned Harrison to the rear portion of the seventh floor, placed her on a second-floor rotation, and permitted her to take additional breaks. Almost two years later, a different supervisor, Brian Humphries, purportedly instructed her to work at the front of the seventh floor despite her accommodation. But Human Resources intervened, Humphries honored the accommodation, and Harrison never worked at the front of the seventh floor.

Harrison later filed a formal EEOC complaint.[1] She then filed this suit, alleging failure to accommodate, harassment, and retaliation under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and retaliation under the FMLA, 29 U.S.C. § 2601 *et seq.* The district court granted summary judgment in the VA's favor on all claims. Harrison timely appealed.[2]

II.

"An appellant's goal is to undo the judgment below." *Stewart v. IHT Ins. Agency Grp.*, 990 F.3d 455, 457 (6th Cir. 2021). That requires the appellant to successfully challenge the grounds on which the district court relied in reaching its decision. Conversely, "where a plaintiff fails to address the district court's reasoning in disposing of a claim on summary judgment . . . we have deemed the claim forfeited." *Rees v. W.M. Barr & Co.*, 736 F. App'x 119, 124 (6th Cir. 2018); *see also Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F.4th 868, 873 (6th Cir. 2024) (explaining that "merely regurgitat[ing]" the brief filed below does not preserve challenges to the district court's decision); *Grosswiler v. Freudenberg-Nok Sealing Techs.*, 642 F. App'x 596, 598–99

---

[1]Shortly before, she also made another accommodation request, this time to work remotely, but the VA denied it. She did not include this matter in her EEOC complaint, however.

[2]Harrison does not appeal the denial of the FMLA retaliation claim.

(6th Cir. 2016) (holding that plaintiffs had abandoned an issue by failing to argue that the district court's independent basis for summary judgment was incorrect).

Applying those principles here, we conclude Harrison forfeited her claims. In the district court, she argued that (1) the VA failed to accommodate her disability when Humphries instructed her to work at the front of the seventh floor, (2) she suffered disability-based discrimination regarding her telework accommodation request, (3) she was subject to a hostile work environment, and (4) the VA retaliated against her under the Rehabilitation Act. The district court rejected each claim, the latter two on multiple grounds.

Yet Harrison's appellate brief does not challenge any of the district court's reasons for rejecting each of her claims—nor could it, given that it merely regurgitates her pre-decisional, summary-judgment briefing. Thus, Harrison fails to preserve any challenge to the district court's disposition of her claims. *See Stewart*, 990 F.3d at 457; *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522–23 (6th Cir. 2019).

We affirm.